IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUENTIN T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-521 (MN) |
| | ) |
| NATALIE S. WOLOSHIN, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Quentin T. Jones, James T. Vaughn Correctional Center – Pro Se Plaintiff.

December 21, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On May 15, 2023, Plaintiff Quentin T. Jones, an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 11). The Second Amended Complaint is the operative pleading. (D.I. 15). Also pending is Plaintiff's request for appointed counsel and to compel discovery. (D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.  BACKGROUND**

Plaintiff names as Defendants four attorneys involved in his criminal prosecution—a prosecutor and three private practice attorneys who appear to have been appointed as his counsel at various stages of the criminal proceedings. Plaintiff alleges that he was coerced into pleading no contest to two fourth degree rape charges. Plaintiff is dissatisfied with having pleaded no contest, and with his July 9, 2021 sentencing, though it is unclear what term of imprisonment was imposed. Plaintiff brings claims under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Fourteenth Amendments of the Constitution. For relief he requests damages, to be re-tried, and to be released from custody at JTVCC.

**II.  SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-

pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    DISCUSSION

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the three private practice attorneys named as Defendants cannot be said to have been acting under color of state law for § 1983 purposes. *See Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam). Accordingly, the claims against these Defendants must be dismissed. As for the prosecutor named as a Defendant, he is immune from this suit because prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune from suit under § 1983. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 346 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

Additionally, Plaintiff's claims are *Heck*-barred because success in this action would necessarily imply the invalidity of his conviction and sentence, which followed his plea of no contest, and his allegations do not establish that his conviction or sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Finally, Plaintiff cannot seek release from prison in a § 1983 action; the appropriate vehicle for such relief is a habeas corpus petition. *See Leamer v. Fauver*, 288 F.3d 532, 540-42 (3d Cir. 2002).

Accordingly, the case will be dismissed. Amendment is futile.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2).

An appropriate Order will be entered.